IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. HENRY II, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 2:21-cv-1164-NR ) |
| HYUNDAI CAPITAL AMERICA, | ) ) ) |
| Defendant. | ) ) ) |

## CASE MANAGEMENT ORDER

Based on the parties' submitted 26(f) report and ADR stipulation, the Court orders as follows:

### Discovery Schedule

1. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure will be made by **May 24, 2022**. This includes the production of all documents referenced in each party's disclosures. The parties are reminded to supplement their disclosures with due diligence.

2. Fact discovery shall be completed by **November 3, 2022**. The discovery deadline shall be extended only by leave of court, and only upon motion filed before the expiration of such deadline. The motion shall: (a) specify discovery that has been completed to date; (b) state with specificity the reasons for the requested extension; (c) list any previous extensions of discovery; and (d) attach a proposed order that establishes the extended pretrial schedule being requested. Any such motion shall contain a certificate of conferral as required by Local Rule 16.1.B.3.

3. The parties shall be limited to **15** requests for production, **15** written interrogatories, and **15** requests for admission, including subparts,

submitted by a party to another party. The parties shall only serve document requests for information not otherwise covered by Rule 26(a) of the Federal Rules of Civil Procedure. Such requests shall not be boilerplate requests, and the parties' responses shall not contain boilerplate general objections; any objections must be stated with specificity as to a particular request or will otherwise be deemed waived. Further, in response to interrogatories, if the parties refer to documents produced, such references shall include specific Bates numbers. Each party will be limited to **8** fact witness depositions. These limitations do not apply to any third-party discovery that may be necessary. The parties can expand the limits on discovery by mutual agreement or by seeking leave of Court.

    4.    Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    (a)    The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    (b)    Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

   (c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

  5. The parties shall meet and confer regarding all discovery disputes. If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers. The Court will then either set up a conference or order the parties to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice. If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute. In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded. If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

## Joint Motion for Protective Order

  8. The parties shall file a joint motion for entry of protective order on or before **May 10, 2022**.

## Motions to Amend or Add New Parties

  9. Any consented-to amended pleadings or joinder of parties shall be filed no later than **June 2, 2022**. Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **June 2, 2022**.

## Discovery Status Update

  10. On or before **October 3, 2022**, the parties shall file a joint status report, updating the Court on the status of discovery, identifying: (i) the

- 4 -

discovery completed to date; (ii) the discovery that remains; and (iii) the existence of any discovery disputes.

### Post-Discovery Status Conference

11. Upon the completion of discovery, the Court shall hold a telephonic post-discovery conference on **November 7, 2022 at 2:00 p.m.** Dial-in instructions will follow this Order. The parties should be prepared at that conference to discuss the scheduling of any motions for summary judgment, and trial.

DATED this 2nd of May, 2022.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge